L5PQjonC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
    UNITED STATES OF AMERICA
3
                v.                          16 CR 19 (PGG)
4                                   Remote Teleconference
    MAALIK ALIM JONES
5
                Defendant
6   ------------------------------x

7                                   New York, N.Y.
                                    May 25, 2021
8                                   10:50 a.m.

9
    Before:
10
                    HON. PAUL G. GARDEPHE
11                                      District Judge

12
                        APPEARANCES
13
    AUDREY STRAUSS
14       Acting United States Attorney for the
         Southern District of New York
15  ANDREW J. DeFILIPPIS
    JESSICA FENDER
16  DAVID W. DENTON, JR.
         Assistant United States Attorneys
17
    BRILL LEGAL GROUP
18       Attorney for Defendant
    PETER E. BRILL
19

20  ALSO ATTENDING:  SABRINA SHROFF

21

22

23

24

25

L5PQjonC

1          (The Court and all parties appearing via remote

2     teleconference)

3          (Case called)

4          DEPUTY CLERK:  Counsel for the government, please

5     state your appearances.

6          MR. DeFILIPPIS:  Good morning, your Honor.  Andrew

7     DeFilippis for the government.  Also on the line for the

8     government are Jessica Fender and David Denton.

9          DEPUTY CLERK:  Counsel for defendant, please state

10    your appearances.

11         MR. BRILL:  Good morning, your Honor.  It's Peter

12    Brill on behalf of Mr. Maalik Jones.  And your Honor has not

13    yet made a ruling as to Ms. Shroff and her ability to come on

14    the case, but Ms. Shroff is also on the line.

15         DEPUTY CLERK:  And Mr. Maalik Alim Jones, you're on

16    the line with us, correct?

17         THE DEFENDANT:  Correct.

18         DEPUTY CLERK:  Thank you.

19         THE COURT:  All right.  I issued a decision on Sunday

20    concerning the government's application to reinstate the

21    indictment in this case following the Second Circuit's remand.

22         The background of the case is that I sentenced the

23    defendant on May 29, 2018 to an aggregate sentence of 35 years'

24    imprisonment.  One of the charges to which the defendant had

25    pled guilty was a 924(c) charge.  The government conceded on

L5PQjonC

1    appeal that that charge could not stand under *United States v.*

2    *Davis*.  And so the defendant's conviction on that count was

3    vacated, and the Second Circuit remanded for purposes of

4    resentencing on the other two counts that the defendant had

5    pled guilty to and been sentenced on.

6            This raised the issue of whether the government could

7    simply reinstate the indictment that had been dismissed at the

8    time of the defendant's sentencing.  I concluded in the opinion

9    that I issued on Sunday that it wasn't appropriate, given the

10   Second Circuit mandate, for the previously dismissed indictment

11   to simply be reinstated.

12           So let me ask you, Mr. DeFilippis, how does the

13   government intend to proceed?

14           MR. DeFILIPPIS:  Your Honor, the government is

15   reviewing and studying your Honor's opinion.  There is, I

16   think, a substantial likelihood that the government will pursue

17   a superseding indictment, but before we do that or make any

18   final decisions on that, we are consulting with our office's

19   appeal unit as well as the Department of Justice, given the

20   implications that this case may have for other cases that are

21   similarly situated.

22           And so what we would propose, your Honor, if your

23   Honor is amenable to it, is that once we have had a chance to

24   complete those consultations, that we report back to the Court

25   on the course of action that we think we are going to take.

L5PQjonC

1   But that's the status of the government's position right now.

2           THE COURT:  Mr. DeFilippis, do you have a sense of how

3   long those internal discussions are going to take?

4           MR. DeFILIPPIS:  Your Honor, I think we could report

5   back to the Court within two weeks or sooner than that, but

6   that's our best estimate.

7           THE COURT:  All right.  With respect to the conflict

8   issue regarding Ms. Shroff, many of the government's arguments

9   as to why it's inappropriate for her to assist appointed

10  counsel in representing Mr. Jones has to do with arguments that

11  either she or her former office, the Federal Defenders,

12  represented people who would be witnesses in a trial of

13  Mr. Jones.  And at this point I don't know whether there's

14  going to be a trial.  I don't know whether there's going to be

15  a superseding indictment.  There are just a lot of

16  uncertainties about the case, and it would be very difficult

17  for me to conduct a Curcio hearing of Mr. Jones given all of

18  these uncertainties.

19          So I'm going to put the conflict issue aside for a bit

20  until I understand what the future of the case is going to be,

21  if there is going to be a superseding indictment, if there is

22  going to be a trial or whether in fact we are just going to

23  proceed with a resentencing.

24          Does defense counsel wish to say anything at this

25  point?

L5PQjonC

1              MR. BRILL:  Peter Brill, your Honor.  No.  Thank you.

2              THE COURT:  All right --

3              MS. SHROFF:  Your Honor, I'm sorry, this is

4     Ms. Shroff.  May I just be heard?  I know I'm still not any

5     part of this record.

6              THE COURT:  Yes.  Go ahead.

7              MS. SHROFF:  Thank you.  Your Honor, I just want to

8     clarify that the government has never said that they're going

9     to call either of the two individuals that they've discussed in

10    their conflict letters as witnesses; not once have they said

11    that.  If they would in fact say that, that would give the

12    Court some clarity.

13             Number two, Mr. Jones sought to have me join his legal

14    team so that I could assist him with decisions that could occur

15    after the government decides what they're going to do in two

16    weeks.  And I just wanted to flag that for the Court.

17             So, should Mr. Jones wish to speak to me about whether

18    or not he should in fact plead, should he not proceed with a

19    trial, should he fight a superseding indictment, I would not be

20    able to help Mr. Jones because the government still persists in

21    not allowing me to review the discovery in this case.  And I

22    just wanted to say that because Mr. Jones had asked me to

23    inform the Court of those facts.  So thank you for letting me

24    apprise you of that.

25             THE COURT:  Well, just to respond to your point about

L5PQjonC

```
 1   whether the government has said -- well, I guess there's
 2   nothing I can say about that.  I take your point, Ms. Shroff,
 3   that in docketed materials the government has not said that it
 4   intends to call the individuals I referred to.
 5             In any event, Mr. DeFilippis, you will send me a
 6   letter in two weeks' time telling me where the government is in
 7   terms of its internal deliberations?
 8             MR. DeFILIPPIS:  Yes, your Honor.
 9             THE COURT:  Mr. Brill, Ms. Shroff, anything else you
10   want to say on behalf of Mr. Jones?
11             MR. BRILL:  Not from me, your Honor.  Thank you.
12             MS. SHROFF:  No, your Honor.  Thank you.
13             THE COURT:  All right.  So I will await the letter
14   from the government within two weeks' time; and based on what
15   that letter says, we'll take the next appropriate steps.  Thank
16   you all and good day.
17             MR. BRILL:  Thank you.
18             MR. DeFILIPPIS:  Thank you, your Honor.
19             (Adjourned)
20
21
22
23
24
25
```